UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRA NAGAST,<br><br>            Plaintiff,<br><br>     vs.<br><br>METROPOLITAN TRANSIT SYSTEM; SG.T EDWARDS; SGT. ZAMORA; OFC. ALAMILLO; and DOES 1-10,<br><br>            Defendants. | CASE NO. 13cv0380-GPC-JMA<br><br>**ORDER**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED IFP**<br><br>**(2) SETTING BRIEFING SCHEDULE**<br><br>[Dkt. Nos. 10, 14] |

On January 15, 2013, Plaintiff Kebra Nagast ("Plaintiff") filed a civil action in the Superior Court of San Diego. On February 15, 2013, Defendants San Diego Metropolitan Transit System, Code Compliance Inspector Alamillo, and Code Compliance Inspector Edwards ("Defendants") filed a notice of removal to this Court. (Dkt. No. 1.) On June 11, 2013, Plaintiff Kebra Nagast, proceeding pro se, filed a motion to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a). (Dkt. No. 10.) Plaintiff subsequently filed an amended complaint. (Dkt. No. 12.) On June 28, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Dkt. No. 14. ) For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP. The Court further sets the following **BRIEFING SCHEDULE** on Defendants' motion to

dismiss.

## DISCUSSION

### I. Motion to Proceed IFP

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. See 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. The benefit of proceeding in forma pauperis is a privilege, not a right. Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984). Such affidavit must include a complete statement of the plaintiff's assets. A petitioner need not "be absolutely destitute to enjoy the benefit of this statute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948); Jefferson v. United States, 277 F.2d 723, 725 (9th Cir.1960), cert. denied, 364 U.S. 896 (1960). He must, however, demonstrate his poverty with "some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) ( per curiam ).

Here, Plaintiff submits a declaration of his assets. Plaintiff declares he is currently unemployed, and he was last employed sometime in 2012. He declares he has no savings, IRA, or CDS separate from his checking account. He does not own an automobile, real estate or any other property or assets. Plaintiff states that he receives disability benefits and food stamps, but he does not indicate the amount he receives from these benefits.

Based on Plaintiff's submission, the Court concludes that Plaintiff has sufficiently shown that he is unable to pay the required filing fee. As such, Plaintiff

meets the requirements to proceed IFP and the Court **GRANTS** his request.

**II.     Briefing Schedule**

On June 28, 2013, Defendants filed a motion to dismiss Plaintiff's amended complaint pursuant to FRCP 12(b)(6). (Dkt. No. 14.)  The Court set a hearing date of **December 13, 2013 at 1:30 p.m.** Accordingly, the Court sets the following **BRIEFING SCHEDULE**: Plaintiff shall file a response on or by **Monday, August 5, 2013.**  Any replies shall be filed on or by **Monday, August 19, 2013.**

## CONCLUSION

For the above reasons, the Court hereby **GRANTS** Plaintiff's request to proceed IFP. (Dkt. No. 10.)

**IT IS SO ORDERED.**

DATED:  June 28, 2013

*[signature]*
HON. GONZALO P. CURIEL
United States District Judge