# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEBRA NAGAST,<br><br>                     Plaintiff,<br>vs.<br><br>METROPOLITAN TRANSIT SYSTEM; SGT. EDWARDS; SGT. ZAMORA; OFC. ALAMILLO; and DOES 1-10,<br><br>                     Defendants. | CASE NO. 13cv00380-GPC(JMA)<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS**<br><br>[Dkt. No. 14.] |

On February 21, 2013, Defendants Metropolitan Transit System, Code Compliance Inspector Alamillo, and Code Compliance Inspector Edwards (collectively, "Defendants") filed a motion to dismiss Plaintiff's Complaint. (Dkt. No. 3.) Plaintiff filed two ex parte motions for extension of time to file a response, (Dkt. Nos. 6, 8.), both of which the Court granted, (Dkt. Nos. 7, 9). Instead of filing a response, Plaintiff filed a first amended complaint (FAC) on June 14, 2013. (Dkt. No. 12.) On June 28, 2013, Defendants filed a motion to dismiss Plaintiff's FAC. (Dkt. No. 14.) The Court set a response deadline of August 8, 2013. (Dkt. No. 15.) On July 9, 2013, Plaintiff filed a motion to appoint counsel. (Dkt. No. 17.) When Plaintiff failed meet the Court's motion to dismiss response deadline, Defendants filed an August 19, 2013 notice of non-opposition to their motion to dismiss. (Dkt. No. 19.) On September 4, 2013, the Court denied Plaintiff's motion to appoint counsel and accordingly set a

revised briefing schedule allowing Plaintiff twenty one additional days to respond to Defendants' motion to dismiss. (Dkt. No. 20.) On October 25, 2013, Defendants filed a second notice of non-opposition to their motion to dismiss. (Dkt. No. 21.) To date, Plaintiff has not filed an opposition to the motion to dismiss.

## DISCUSSION

Civil Local Rule 7.1.e.2 requires a party opposing a motion to file an opposition or statement of non-opposition within fourteen calendar days of the noticed hearing. Failure to comply with these rules "may constitute a consent to the granting of a motion." Civ. Local R. 7.1.f.3.c. District courts have broad discretion to enact and apply local rules, including dismissal of a case for failure to comply with the local rules. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming grant of an unopposed motion to dismiss under local rule by deeming a *pro se* litigant's failure to oppose as consent to granting the motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979). Before dismissing an action for failure to comply with the local rules, the district court "weigh[s] several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Ghazali, 46 F.3d at 53 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Here, the Court concludes that "the public's interest in expeditious resolution of litigation," "the court's need to manage its docket," and "the risk of prejudice to the defendants" weigh in favor of granting the Motion to Dismiss based on Plaintiff's failure to file an opposition. See Ghazali, 46 F.3d at 53. The majority of these factors weigh in favor of dismissal.

Because Plaintiff has failed to comply with Civil Local Rule 7.1.e.2, the Court finds good cause to grant Defendants' unopposed motion to dismiss. The Court's docket reflects that Plaintiff was served with a copy of the motion and the

1  Court's briefing schedules.  Furthermore, although Plaintiff has demonstrated an
2  understanding of the process for requesting additional time to file a response, (Dkt.
3  Nos. 6, 7.), the Court has yet to receive a request for extension of time for Plaintiff
4  to respond to Defendants' June 28, 2013 Motion to Dismiss. Accordingly, the Court
5  **GRANTS** Defendants' Motion to Dismiss as unopposed.  See Civ. Local R.
6  7.1.f.3.c; see also Ghazali, 46 F.3d at 53.

8      IT IS HEREBY ORDERED that Plaintiff's First Amended Complaint is
9  **DISMISSED WITHOUT PREJUDICE**, and the hearing on Defendants' Motion
10 to Dismiss, currently set for December 13, 2013, is **VACATED**.

12 DATED:  December 6, 2013

                                          */s/ Gonzalo Curiel*
                              HON. GONZALO P. CURIEL
                              United States District Judge